UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANA J. SEIBER,

      Plaintiff,

v.                          CASE No. 8:07-CV-1350-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security fails adequately to address the plaintiff's apparent inability to maintain employment due to an anxiety disorder, the decision will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was thirty-nine years old at the time of the administrative hearing (Tr. 55, 341) and who has the equivalent of a high

_____

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

school education (Tr. 65), has worked as a veterinary assistant, delivery driver, and chemical dependency assistant (Tr. 60, 81, 96). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to depression (bipolar), anxiety disorder, headaches, and stomach and intestinal problems (Tr. 59). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found the plaintiff has a severe combination of impairments consisting of bipolar disorder, anxiety, and depression (Tr. 14). The law judge concluded that these impairments limited the plaintiff to medium work in a low stress environment with simple instructions, simple tasks, and only occasional decisionmaking and interaction with the public and co-workers (Tr. 15). The law judge determined that these restrictions prevented the plaintiff from performing past work (Tr. 20). However, based upon the testimony of a vocational expert, the law judge ruled that jobs exist in significant numbers in the national economy that the plaintiff could perform, such as a packager, a janitor, and a laundry

worker (Tr. 21). Accordingly, the law judge decided that the plaintiff was not disabled (id.).

The plaintiff requested the Appeals Council to review the law judge's decision, and provided in support of this request a report dated November 2, 2006, from Gerald J. Hodan, Ph.D., which opined that the plaintiff "is going to have a difficult time maintaining employment" (see Tr. 2-5, 337). The Appeals Council, after considering this additional evidence, let the decision of the law judge stand as the final decision of the Commissioner (Tr. 3-5).

II.

In order to be entitled to Social Security disability benefits and supplemental security income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

-4-

substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The law judge found that the plaintiff had no significant physical impairment and that she could therefore perform medium exertional work. The plaintiff does not challenge that finding.

The law judge also found that the plaintiff suffers from severe mental impairments of bipolar disorder, anxiety, and depression (Tr. 14). Consequently, the law judge determined that the plaintiff's residual functional capacity was limited to low stress jobs with simple tasks and instructions and only occasional decisionmaking and interaction with the public or co-workers

(Tr. 15). The plaintiff challenges the law judge's determination of her mental residual functional capacity.

For the most part, the law judge's determination of the plaintiff's mental capabilities are supported by the evidence. The records reflect that over the approximately four-year period that is at issue the plaintiff generally had a Global Assessment of Functioning ("GAF") of between 50 and 55. A GAF of 50 is at the top of the range of serious symptoms or a serious impairment in social, occupational, or school functioning, while a GAF of 55 is midway in the range of moderate symptoms or moderate difficulty in social, occupational, or school functioning. <u>Diagnostic and Statistical Manual of Mental Disorders</u>, (DSM-IV-TR)(4th ed., Text Revision), p. 34. Moreover, the sources of information concerning the plaintiff's mental status were pretty much in agreement in their assessments.

Representative of the information received was the report of Billie Jo Hatton, Ph.D., a licensed psychologist, who conducted a consultative psychological evaluation (Tr. 161-65). Dr. Hatton noted that the plaintiff appeared "anxious and uncomfortable" and her affect was "depressed and constricted" (Tr. 164). It was Dr. Hatton's impression that the plaintiff

suffered from bipolar disorder, generalized anxiety disorder, and a panic

disorder (id.). Dr. Hatton assigned the plaintiff a GAF score of 50-55 (Tr.

165) (and not a GAF of 55 as the law judge incorrectly stated (Tr. 17)). Dr.

Hatton opined further (Tr. 165):

> The prognosis for Jana's ability to maintain in a
> competitive work situation is fairly poor at this
> point. She clearly has a fairly significant affective
> disorder and her ability to cope with stressors
> appears to [be] quite minimal.  She likely has
> maladaptive coping skills and essentially has just
> isolated herself during her life.

These types of concerns are, for the most part, accommodated by

the residual functional capacity determined by the law judge. Thus, the law

judge could reasonably conclude that the limitation to jobs with simple

instructions, simple tasks, low stress, and only the occasional need to make

decisions and to interact with the public and co-workers would permit the

plaintiff to perform some types of work.  Notably, no treating or examining

mental health specialist has opined that the plaintiff is disabled. Moreover,

none has set forth any functional limitations greater than those determined by

the law judge.

There is, however, one aspect of the plaintiff's mental condition that the law judge did not evaluate. Thus, as the law judge noted, the plaintiff testified that "she had more panic attacks and depression when working and that she could handle a job for about a month or two and then would start missing days from work" (Tr. 15). Similarly, the law judge acknowledged that Susan Loftus, a social worker who was counseling the plaintiff, had reported the following (Tr. 17):

> She indicated when the claimant worked her anxiety became increasingly problematic and she believed others judged her and treated her differently, her mood became irritable and her self esteem plummeted. Ms. Loftus indicated when these things occurred, the claimant would start calling in sick from work and had difficulty maintaining her jobs.

There are similar statements throughout the evidence indicating that the plaintiff, because of her anxiety disorder, could not maintain employment (see, e.g., Tr. 256).

The law judge did not evaluate the evidence of this condition. The law judge's assessment of the psychological evidence is contained in one paragraph, with the primary justification for concluding that the plaintiff was not disabled being set forth in the following two sentences (Tr. 19):

-8-

> Although the record indicates that the claimant has
> difficulty in her ability to make decisions without
> experiencing anxiety she is able to drive and make
> purchases, care for a dog and take care of her
> personal needs.  She has been able to assist with
> the care of her ill father and continues to care for
> her mother.

These statements, which do not even mention work, do not provide a reason
why the plaintiff's anxiety would not preclude her from maintaining
employment.  Moreover, there is no explanation for such a conclusion set
forth in the remainder of the paragraph or anywhere else in the decision.  In
the absence of some articulated basis for concluding that the plaintiff's
anxiety disorder does not prevent her from maintaining employment,
meaningful judicial review is not possible.  Consequently, this deficiency
warrants a remand.    See Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir.
1986); Ryan v. Heckler, 762 F.2d 939 (11th Cir. 1985).

This conclusion is bolstered by the fact that a determination that
the plaintiff's anxiety disorder does not prevent her from maintaining
employment could be based on varying grounds.  Thus, the law judge may
have thought that the residual functional capacity he found to exist may have
covered the problem with maintaining employment.  If that was his view, he

needed to articulate it and provide a reasonable justification for it. It is certainly not apparent to me that the functional limitations he set forth would eliminate, or at least ameliorate, the inability to maintain employment due to an anxiety disorder. While I am prepared to accept that the residual functional capacity would accommodate the limitations caused by the bipolar disorder and depression, I cannot even speculate whether they would remediate the problem of maintaining employment as a result of an anxiety disorder. Indeed, it seems to me that this issue could warrant a psychiatric or psychological advisor at the hearing on remand.

On the other hand, a conclusion that the plaintiff's anxiety disorder does not prevent her maintaining employment may be based on a credibility determination. In other words, the law judge may believe that the plaintiff kept quitting jobs not because of anxiety, but because of other, non-psychological reasons, such as boredom, indolence, lack of motivation, or even hangovers. Again, if the law judge makes such a credibility determination, he needs to articulate it and adequately explain it. Holt v. Sullivan, 921 F.2d 1221 (11th Cir. 1991).

It is appropriate to add, in remanding this case, that I have not considered, as an alternative holding, the law judge's comment that, if he had determined that the plaintiff was disabled, he would have found her not disabled if she stopped her substance abuse (Tr. 20). This comment was said to be simply "[f]or the benefit of the claimant" (id.), and, as the plaintiff argues, was not adequately developed. Of course, on remand this matter can be considered further.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **REVERSED**, and the matter **REMANDED** for further consideration. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this _18th_ day of September, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE